IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Monte Lee Bridges,

      Plaintiff,                      No. CIV S-04-0274 FCD CMK P

   vs.

D.L. Runnels, et al.,

      Defendants.               FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion to dismiss[1] for failure to state a claim pursuant to Rule 12(b)(6). The case is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations.

///
///
///
///

---

[1] On August 24, 2005, the court filed an order granting defendant Exum permission to join in defendants' October 21, 2005 motion to dismiss.

1

I.      Background

In previous orders, the court has set forth detailed statements of plaintiff's allegations against defendants. As the parties are familiar with the facts of the case and the instant motion concerns only plaintiff's claims against defendant Bates, the factual discussion is limited to plaintiff's allegations against defendant Bates.

Plaintiff is an inmate at High Desert State Prison in Susanville. He alleges that he suffers from pain in his back and legs, which he believes is due to being forced to wear ill-fitting prison shoes. Plaintiff also states that he has a venous insufficiency in his left leg and suffers from foot problems. Plaintiff alleges that he has significant pain when he walks, often collapses when walking and needs a cane, crutches or a wheelchair in order to move about. Plaintiff states that on September 6, 2003, he stopped defendant Bates on his rounds and asked for a cane and for an appointment to see a doctor. Plaintiff alleges that defendant Bates asked plaintiff where plaintiff's crutches were. Plaintiff claims that when he told defendant Bates that he had no crutches, defendant Bates told plaintiff that he had seen an order for plaintiff to have crutches. Plaintiff states that defendant Bates told plaintiff that he would check on the order for crutches, and if he did not find one, make plaintiff an appointment to see a physician. Plaintiff states that he approached defendant Bates on September 7th and 8th, and each time, defendant Bates walked away. Plaintiff alleges that defendant Bates failed to provide him with crutches and failed to make a medical appointment for him.

II.     Discussion

Defendants argue that plaintiff's claims against defendant Bates should be dismissed because plaintiff failed to exhaust his administrative remedies prior to filing suit.

Plaintiff requested, and was granted, an extension of time to file an opposition to defendants' motion. However, plaintiff has not filed an opposition.

By the Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to

1  prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

2  in any jail, prison, or other correctional facility until such administrative remedies as are available

3  are exhausted."  42 U.S.C. § 1997e(a).

4          The exhaustion of prison administrative procedures is mandated "regardless of the

5  relief offered through [such] procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  Even if a

6  prisoner is seeking only money damages, he must complete the prison administrative appeals

7  process. See id. at 740.  The United States Supreme Court has cautioned that it "will not read futility

8  or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."

9  Id. at 741 n.6 (2001).  The Court has also ruled that the exhaustion requirement "applies to all inmate

10  suits about prison life, whether they involve general circumstances or particular episodes, and

11  whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532

12  (2002).

13          In California, the state regulations that govern grievance procedures in state jails and

14  prisons provide that inmates "may appeal any departmental decision, action, condition, or policy

15  which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit.

16  15, § 3084.1(a).  An administrative appeal may progress from an informal review through three

17  formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level,

18  which is also referred to as the director's level, is not appealable and concludes a prisoner's

19  departmental administrative remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).

20  Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal.

21  See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).  To comply with the PLRA exhaustion

22  requirement, a state prisoner in California must file an inmate appeal on each claim concerning

23  prison conditions or events and must proceed to the highest level of administrative review available

24  ///

25  ///

26  ///

to him before he seeks judicial relief, regardless of the relief desired by the prisoner.[2]

The Ninth Circuit has held that the PLRA exhaustion requirement is not jurisdictional. See Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir. Jan. 2, 2003) (citing Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999)), petition for cert. filed, (U.S. Apr. 1, 2003) (No. 02-1486). The Ninth Circuit and six other circuit courts have ruled that the exhaustion requirement does not impose a pleading requirement on the prisoner but creates a defense that must be raised and proved by the defendants. See Wyatt, 315 F.3d at 1117-19 (citing cases of the Second, Third, Seventh, Eighth, and D.C. Circuits); see also Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002). But see Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam) (requiring a prisoner to plead exhaustion and provide a copy, if available, of the administrative decision disposing of the prisoner's claims); Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In the instant action, defendants have met their burden of showing that plaintiff has failed to met the PLRA's exhaustion requirement. Defendants have provided evidence, in the form of a declaration from J. Pearson, Acting Chief, Inmate Appeals Branch, that plaintiff has not filed a third level appeal concerning defendant Bates allegedly failing to provide plaintiff with a cane and never filed an appeal concerning defendant Bates failing to make a necessary medical appointment for plaintiff. (Doc. 25, Decl. of J. Pearson.) Additionally, a review of the file reveals that none of the administrative grievances that plaintiff attached to his complaint mention defendant Bates's failure to provide plaintiff with crutches or failure to make plaintiff a medical appointment. Accordingly, the undersigned recommends that plaintiff's claim against defendant Bates be dismissed without prejudice for failure to exhaust.

///

---

[2] State prisoners in California may no longer rely on the holding of Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if the correctional facility's administrative grievance process does not allow for such an award." Booth, 532 U.S. at 740.

Based on the foregoing, IT IS RECOMMENDED THAT plaintiff's complaint against defendant Bates be dismissed without prejudice for failure to exhaust his administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE