1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MONTE LEE BRIDGES,

11           Plaintiff,                    No. CIV S-04-0274 FCD CMK P

12       vs.

13   D.L. RUNNELS. et al.,

14           Defendants.

15   _____/           ORDER

16           Plaintiff, a state prisoner proceeding without counsel, brings this civil rights action

17   pursuant to 42 U.S.C. § 1983.   This proceeding was referred to the undersigned by Local Rule

18   72-302 by the authority of 28 U.S.C. § 636(b)(1). Currently pending before the court are

19   plaintiff's motions to compel.  (Docs. 69 and 79.)

20           In his motion to compel, plaintiff seeks production of copies of "all his medical

21   and [psych] records obtained from 2/7/01 to 8/10/05 at High Desert State Prison and all medical

22   and [pysch] records obtained from 8/12/05 until the present at Lancaster State Prison, including

23   three recent hospitalizations at Antelope Valley Hospital....October 2 and 15, 2005 and December

24   1, 2005," and he also requests "records of lockdowns at High Desert State Prison and Vacaville

25   from 1-01-01 to 8-10-05."  (Mot. to Compel, 1-2; Def.'s Response, Ex. A.) Defendants did not

26   produce the requested materials and responded that the request was (1) compound; (2) overly

1   broad; (3) call[ed] for information not likely to lead to discovery of admissible evidence; and (4)

2   calls for psychiatric information which may not be disclosed to plaintiff.  (Mot. to Compel, 1-2.)

3   Defendants have filed an opposition to plaintiff's motion.

4         Rule 26(b)(1) of the Federal Rules of Civil Procedure limits discovery to

5   information that is "relevant to the subject matter."  Fed. R. Civ. P 26(b)(1).  In his complaint,

6   plaintiff alleges that: (1) two doctors recommended single-man housing for him, but defendants

7   Baron, Shandham, Rohlfing, and Exum rejected the recommendation; (2) that a doctor

8   recommended soft shoes due to venous insufficiency in plaintiff's left leg and foot problems, but

9   defendants Baron Sandham and Rohlfing rejected the recommendation; (3) defendant Rohlfing

10   refused to treat plaintiff's heart and back conditions; and (4) defendant Brittle failed to resolve

11   issues concerning plaintiff's need to be cell fed and provided with sack lunches.   This conduct

12   took place on various dates between February 2002 and December 2003.  Accordingly, medical

13   records before and after those dates are not relevant to plaintiff's claims.  See  Fed. R. Civ. P

14   26(b)(1).  Further, none of plaintiff's allegations relate to lockdowns; therefore, the request for

15   information concerning lockdowns[1] is not relevant to plaintiff's claims.  See id.  The court finds

16   that plaintiff's motion to compel all his medical records and records of lockdowns should be

17   denied.

18         Rule 26(b)(2) of the Federal Rules of Civil Procedure provides that the court may

19   limit discovery if it determines that "the burden or expense of the proposed discovery outweighs

20   its likely benefit, taking into account the needs of the case, the amount in controversy, the parties

21   resources, the importance of the issues at stake in the litigation and the importance of the

22   proposed discovery in resolving the issues."  See Fed. R. Civ. P 26(b)(2); see also Daiflon, Inc. v.

23   Allied Chem. Corp., 534 F.2d 221, 225 (10th Cir. 1976) (stating when the burden of searching for

24   records is "substantially the same" for the party seeking discovery as for the responding party, the

25

26        [1]Defendants also claim that they were never served with the January 12, 2006 request for information concerning prison lockdowns.  (Def.'s Opp. to Mot. to Compel at 5.)

1 latter may answer by specifying the records from which the answer may be derived and making

2 them available for inspection).  Defendants responded to plaintiff's discovery request by referring

3 plaintiff to his medical file and identifying the process through which discovery could be

4 obtained.  Although plaintiff alleges that he asked Correctional Counselor Thomas to review his

5 medical records and the request was denied, Correctional Counselor Thomas has no recollection

6 of such a request and there is no record of plaintiff submitting request to the medical department

7 to review his records.  (See Def.'s Opp. to Mot. to Compel, Exs. C, D.)  Given the breadth of

8 plaintiff's request for medical records,  his ability to access such records, and the minimal cost of

9 obtaining copies of such records, the court finds that granting plaintiff's motion to compel is not

10 warranted.

11          IT IS ORDERED THAT plaintiff's motions to compel (docs. 69 and 79.)are

12 denied

13

14

15 DATED:   September 26, 2006.

16

17          _____

     **CRAIG M. KELLISON**
18   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

                                        3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26