IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE LEE BRIDGES,

    Plaintiff,                    No. CIV S-04-0274 FCD CMK P

    vs.

D.L. RUNNELS, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, without counsel, prosecuting this civil rights action against several employees of High Desert State Prison (HDSP), including defendant Jeffrey Rohlfing. The case is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations on defendant Jeffrey Rohlfing's November 1, 2007 motion for summary judgment. Fed. R. Civ. P 56(c).

I.    Standard of Review

        On a motion for summary judgment pursuant to Rule 56(c), the court must accept the evidence of the non-moving party as true and draw all reasonable inferences of fact in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex

1

Corp v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P 56(c)).  If the moving party meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact does actually exist.  See Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue of material fact.  See Mosher v. Saalfeld, 589 F.2d 438, 422 (9th Cir. 1978)(involving a pro se litigant); see also Anderson, 477 U.S. at 586 n. 11.  When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact for trial.  See Matsushita, 475 U.S. at 587.

On August 25, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

I.      Background

At all times relevant to this action, plaintiff was an inmate at HDSP.  He filed this action on February 26, 2004, alleging various civil rights violations against several HDSP employees. On June 8, 2004, the court ordered service on several defendants, including defendant Rohlfing, and ordered that the case proceed only on plaintiff's Eighth Amendment claims against those defendants.  Because the instant motion concerns only plaintiff's claims against defendant Rohlfing, the factual discussion is limited to the allegations against defendant Rohlfing

Plainiff alleges that he suffers from pain in his back, hip and legs, which he believes is due to being forced to wear ill-fitting prison shoes. In 2002, plaintiff was issued a temporary soft-shoe chrono, but the chrono committee denied him a permanent soft-shoe chrono. Despite his soft-shoe chrono, plaintiff was forced to wear his ill-fitting prison shoes to the dining area, vocational clinic, medical clinic, and visiting area.  Plaintiff alleges that he suffers from severe pain when he walks, often collapses when walking, and needs a cane, crutches, or a wheelchair in order to move about.  Plaintiff further states that he has a venous insufficiency in

his left leg and suffers from foot problems.  During his incarceration at HDSP, plaintiff was seen by a number of physicians, including defendant Rohlfing.

In his complaint, plaintiff asserts that defendant Rohlfing denied plaintiff single cell status; that the chrono committee, of which defendant Rohlfing is a member, denied plaintiff a permanent chrono for soft shoes; and that defendant Rohlfing refused to treat plaintiff's back and heart conditions.

II.     Discussion

Defendant Rohlfing argues that he is entitled to summary judgment on plaintiff's Eighth Amendment claim against him because plaintiff cannot establish that defendant Rohlfing was deliberately indifferent to plaintiff's serious medical needs.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's medical needs. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds).  Deliberate indifference to a prisoner's medical needs can be demonstrated in two ways: by prison officials denying, delaying or intentionally interfering with medical treatment or by the manner in which prison physicians provide medical care. Estelle v. Gamble, 429 U.S. 97 (1976); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Deliberate indifference exists only when prison officials know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also, McGuckin, 974 F.2d at1060).  "Mere negligence... in treating a medical condition, without more, does not violate a prisoner's Eighth Amendment right."  See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Deliberate indifference may be shown with circumstantial evidence when the facts are sufficient to show that defendant actually knew of a risk of harm. See Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).  A prisoner who makes a claim of deliberate indifference to a serious medical condition based on delay must show that the delay resulted in substantial harm.  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

///

     A.    <u>Single Cell Status</u>

Plaintiff claims that defendant Rohlfing was deliberately indifferent to his medical needs by denying a recommendation that plaintiff be placed on single cell status. Although plaintiff contends that the chrono committee denied him a chrono for a single cell, he does not know who was on the committee that denied his request for a single cell chrono. (Def's Statement of Undisputed Material Facts at ¶ 4.) Plaintiff states that defendant Rohlfing never told plaintiff that he had denied plaintiff's request, and he admits that he cannot prove that it was defendant Rohlfing that denied the single cell chrono. (<u>Id.</u> at ¶ 5 and 6.) Plaintiff stated that he believed that it was defendant Exum, not defendant Rohlfing who denied the single cell status. (<u>Id.</u> at ¶ 7.) Further, as a staff physician, defendant Rohlfing had no authority to approve a single cell assignment; such assignments may only be approved by a psychiatrist or the chief medical officer of the institution. (<u>Id.</u> at ¶ 8.)

In his opposition to defendant's motion for summary judgment, plaintiff does not refute any of the facts concerning the single cell chrono. Based on the undisputed facts, plaintiff has not shown any link between defendant Rohlfing and the alleged violation of his constitutional rights stemming from a denial of a single cell chrono. It is well established that a plaintiff must connect the named defendants clearly with the claimed denial of his rights. <u>Farmer</u>, 511 U.S. at 837, 843 (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); <u>Johnson v. Duffy</u>, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194-95 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply

///

///

conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Accordingly, the court finds that defendant is entitled to summary judgment on plaintiff's single cell chrono claim.

   B.  <u>Soft Shoe Chrono</u>

   Plaintiff claims that defendant Rohlfing was deliberately indifferent to his medical needs by being on a committee which denied a recommendation that plaintiff be given a permanent soft shoe chrono. The undisputed facts show that in June 2001, defendant Rohlfing ordered a chrono for modified low cut boots (crepe sole shoes) for plaintiff. (Def's Statement of Undisputed Material Facts at ¶ 9.) The crepe sole shoes are one of the two footwear options at HDSP when a soft show chrono is issued. (<u>Id.</u>) Although plaintiff was issued the crepe sole shoes, he was permitted to wear his own athletic shoes and was wearing them at HDSP from December 2001 until September 5, 2003, when HDSP announced that institution shoes were required to be worn to "chow hall" and the correction treatment center (CTC). (<u>Id.</u> at ¶ 10.)

   Plaintiff acknowledged that defendant Rohlfing did not make the announcement that institution shoes were to be worn to these two places. (<u>Id.</u> at ¶ 11.) Defendant Rohlfing is a staff physician and has no control or input regarding HDSP's policy to require wearing of institutional shoes. (<u>Id.</u> ¶ 12.) Outside of chow hall and the CTC, plaintiff continued to wear his own athletic shoes after September 5, 2003, and he was alternating between wearing his own athletic shoes and the institution shoes until May 2004, when he was moved to another prison yard where he was permitted to wear his own athletic shoes at all times. (<u>Id.</u> at ¶ 13.) Though plaintiff asserts that he would not have had a hip problem if he had always worn soft sole shoes, no physician has ever told him that. (<u>Id.</u> at ¶ 14.)

   Plaintiff visited defendant Rohlfing on November 26, 2003 for complaints of back and foot pain, and plaintiff indicated that his crepe sole shoes had been stolen. Defendant Rohlfing informed plaintiff that it was his medical opinion that plaintiff was capable of using regular institution boots for short term use. On that date, defendant Rohlfing also renewed a

number of plaintiff's prescriptions, including Motrin for pain relief. (Id. at ¶ 15.) Defendant Rohlfing did not issue plaintiff a soft shoe chrono on that date because it was his medical opinion that soft shoes were not medically necessary for plaintiff's condition at the time because plaintiff could wear his athletic shoes to chow hall and CTC and was capable of using the regular institution boots for short term use. (Id. at ¶ 16.)

In his opposition to defendant Rohlfing's motion for summary judgment, plaintiff states that defendant Rohlfing's "erratic actions showed he was mentally deranged" and that defendant Rohlfing "denied a 'soft shoe chrono.'" Plaintiff asserts that defendant Rohlfing's medical progress notes were inaccurate. Plaintiff attached medical records which indicate that plaintiff was wearing tennis shoes and told defendant that he suffered from pain in his back and legs. Notations on the medical records indicate that plaintiff disagreed with defendant Rohlfing's notes. For example, defendant Rohlfing noted in an October 29, 2003 progress note that "[t]he patient is unable to straighten his leg or basically it appears unwilling to straighten his leg." After this notation, plaintiff wrote in "wrong." Plaintiff offers no evidence in support of his assertions that defendant Rohlfing's progress notes were inaccurate; questioning the credibility of the moving party's evidence is not enough to avoid summary judgment. See Anderson, 477 U.S. at 256-57 ("once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to produce evidence sufficient to support a jury verdict).

Based on the undisputed facts, plaintiff has not shown that defendant Rohlfing was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendant Rohlfing ordered a chrono for soft soled shoes for plaintiff in June 2001. When he refused to issue plaintiff a second soft shoe chrono in November 2003, plaintiff was allowed to wear his athletic shoes most of the time. The undisputed facts show that defendant Rohlfing did not disregard any excessive risk to plaintiff's health. See Farmer, 511 U.S. at 837. Further, to the extent that plaintiff is complaining that he was forced to wear institutional shoes to chow hall and CTC after September 2003, defendant Rohlfing had no control over HDSP's policy regarding

1 institutional shoes; therefore, defendant Rohlfing cannot be held liable for any alleged injury
2 resulting from this policy. See Barren, 152 F.3d at 1194-95 ("A plaintiff must allege facts, not
3 simply conclusions, that show that an individual was personally involved in the deprivation of his
4 civil rights."). Accordingly, the court finds that defendant Rohlfing is entitled to summary
5 judgment on plaintiff's claim based on a violation of his Eighth Amendment rights stemming
6 from the alleged denial of a soft shoe chrono.

       C.       Back and Heart Conditions

8        Plaintiff alleges that defendant Rohlfing was deliberately indifferent to his medical
9 needs by refusing to treat his back pain. Plaintiff does not make any specific allegation that
10 defendant Rohlfing refused to treat plaintiff's heart condition; however, in his complaint, plaintiff
11 makes reference to an alleged statement by defendant Rohlfing involving plaintiff's heart
12 condition.

13        The undisputed facts show that defendant Rohlfing saw plaintiff several times for
14 complaints regarding back pain–on October 10, 2003 and on October 29, 2003. Defendant
15 Rohlfing recommended an exercise program, proscribed pain medication, allowed plaintiff to use
16 a cane for four weeks and recommended follow-up visits. (Def's Statement of Undisputed
17 Material Facts at ¶ 17-18.) A physician who saw plaintiff for a follow-up visit in December 2003
18 noted that plaintiff's back pain was improving and that physician also recommended light
19 exercise to plaintiff. (Id. at ¶ 19.)

20        The undisputed facts reveal that defendant Rohfling treated plaintiff for his heart
21 condition. In November 2001, defendant Rohfling referred plaintiff for a cardiology consult
22 outside the prison and also ordered a cardiac work-up for plaintiff. (Id. at ¶ 20.) Defendant
23 Rohfling also requested a chrono that plaintiff be allowed to wait inside the building after he
24 finished work due to his history of skin cancer and heart problems. (Id. at ¶ 21.) Defendant
25 Rohlfing also ordered several EKG's for plaintiff and proscribed him various medications to treat
26 both his heart problem and other ailments. (Id. at ¶ 21-23.)

Plaintiff cannot establish that defendant Rohlfing was deliberately indifferent to his medical needs in violation of the Eighth Amendment. Instead, the undisputed facts show that defendant Rohlfing was responsive to plaintiff's complaints regarding his back pain and his heart condition. Plaintiff states in his opposition to defendant Rohlfing's motion for summary judgment that defendant Rohlfing "blatantly refused to treat or refer for treatment plaintiff's severely painful back...injury." However, plaintiff offers no evidence in support of this assertion; questioning the credibility of the moving party's evidence is not enough to avoid summary judgment. See Anderson, 477 U.S. at 256-57 ("once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to produce evidence sufficient to support a jury verdict).

Plaintiff may not have agreed with the course of treatment proscribed by defendant Rohlfing; however, disagreement over the course of treatment, or mere negligence in treatment does not raise to the level of an Eighth Amendment violation. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish that a difference of opinion amounted to deliberate indifference, the prisoner must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that "they chose this course in conscious disregard of an excessive risk to [the prisoner's] health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Accordingly, the court finds that defendant Rohlfing is entitled to summary judgment on plaintiff's claim that defendant Rohlfing did not treat his back and heart conditions.

D.     Qualified Immunity

As defendant Rohlfing has demonstrated that he is entitled to summary judgment on plaintiff's claims, the court need not consider his argument that he is shielded from liability by qualified immunity.

///

///

///

III.     Conclusion

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant Rohlfing's motion for summary judgment (doc. 89) be granted.

2. That this action be dismissed with prejudice <u>only as to</u> defendant Rohlfing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 9, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE